UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                 :
UNITED STATES OF AMERICA                                         :
                                                                 :   CONSENT PRELIMINARY ORDER
            - v. -                                               :   OF FORFEITURE AS TO SPECIFIC
                                                                 :   PROPERTY/MONEY JUDGMENT
LUIS ANTONIO MORENO,                                             :
                                                                 :   22 Cr. 59 (ER)
    a/k/a "Rafael Humberto Lovo Miranda,"                        :
    a/k/a "Jose Anibal Argueta Reyes,"                           :
                                                                 :
                        Defendant.                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    WHEREAS, on or about January 28, 2021, LUIS ANTONIO MORENO (the "Defendant"), was charged in an Information, 22 Cr. 59 (ER) (the "Information"), with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count One); conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349 (Count Two), conspiracy to commit identity document fraud, in violation of Title 18, United States Code, Section 1028(f) (Count Three), and immigration fraud, in violation of Title 18, United States Code, Section 1546(a) and 2 (Count Four);

    WHEREAS, the Information included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in the offense charged in Count One of the Information, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property in the offense charged in Count One of the Information;

    WHEREAS, the Information included a forfeiture allegation as to Count Two, seeking to forfeit to the United States, pursuant to Title 18, United States Code Section 982 (a)(2)(A), any and all property constituting, or derived from, proceeds the Defendant obtained

directly or indirectly as a result of the commission of the offense charged in Count Two of the Indictment;

WHEREAS, the Information included a forfeiture allegation as to Counts Three and Four, seeking to forfeit to the United States Code, Section 982(a)(2)(B) and 1028(b), any and all property constituting, or derived from, proceeds obtained directly or indirectly as a result of the offense charged in Counts Three and Four of the Information and any and all personal property used or intended to be used to commit the offense charged in Counts Three and Four of the information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Counts Three and Four of the Information;

WHEREAS, on or about January 28, 2022, the Defendant pled guilty to Counts One through Four, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One through Four and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(1), 982(a)(2)(A), 982(a)(2)(B) and 1028(b), a sum of money representing the property involved in the offense charged in Count One of the Information and the proceeds traceable to the offenses charged in Counts Two through Four of the Information that the Defendant personally obtained;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $90,460 in United States currency, representing the property involved in the offense charged in Count One of the Information and the amount of proceeds traceable to the offenses charged in Counts Two through Four of the Information that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in $90,460 seized from Defendant on or about May 12, 2021 (the "Specific Property"),

which constitutes property involved in the offense charged in Count One of the Information and proceeds traceable to the offenses charged in Counts Two through Four of the Information that the Defendant personally obtained;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the property involved in the offense charged in Count One of the Information and the proceeds traceable to the offenses charged in Counts Two through Four of the Information that the Defendant personally obtained, cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Patrick R. Moroney, of counsel, and the Defendant, and his counsel, Julie Rendelman, Esq., that:

1. As a result of the offenses charged in Counts One through Four of the Information, to which the Defendant pled guilty, a money judgment in the amount of $90,460 in United States currency (the "Money Judgment"), representing the property involved in the offense charged in Count One of the Information and the amount of proceeds traceable to the offenses charged in Counts Two through Four of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2.     As a result of the offenses charged in Counts One through Four of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, LUIS ANTONIO MORENO, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.     All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.     United States Customs and Border Protection shall be authorized to deposit the payment on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.     Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture, is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.     Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the

United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

EDWARD Y. KIM
Acting United States Attorney for the
Southern District of New York

By: _____     12/19/24
Patrick R. Moroney                                       DATE
Assistant United States Attorney
26 Federal Plaza, 37th Floor
New York, NY 10278
(212) 637-2330


LUIS ANTONIO MORENO

By: _____     12-19-2024
LUIS ANTONIO MORENO                          DATE

By: _____     12/19/24
Julie Rendelman, Esq.                                 DATE
Attorney for Defendant
535 Fifth Avenue, #2525
New York, New York 10017
(212) 951-1232

SO ORDERED:

_____                12/19/2024
HONORABLE EDGARDO RAMOS            DATE
UNITED STATES DISTRICT JUDGE